IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20728
Summary Calendar

DAVID S. SEFTON,

Plaintiff-Appellant,

versus

MATHEW KRYSTOF, Individually doing business as World Wide
Financial; RICHARD KRYSTOF; JAMES MCCREARY; NANNETTE NICOLE
KRYSTOF,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2753
--------------------
January 13, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David Sefton appeals the dismissal of his suit for lack of jurisdiction under FED. R. CIV. P. 12(b)(1). Magistrate judges are empowered to dismiss complaints under that rule, but this power is severely circumscribed "when the basis of jurisdiction is also an element in the plaintiff's federal cause of action. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(quoting <u>Bell v. Hood</u>, 327 U.S. 678, 685 (1946)). The question whether Sefton registered the photographs at issue prior to initiating his suit for copyright infringement is central to both jurisdiction and the viability of his federal copyright claim. <u>See Geoscan, Inc. of Tx. v. Geotrace Techs., Inc.</u>, 226 F.3d 387, 393 (5th Cir. 2000). When that is the case, jurisdiction exists and the challenge to jurisdiction should be treated as a direct attack on the merits of the plaintiff's case. <u>Bell</u>, 327 U.S. at 682. Sefton's copyright claims against the defendants fall squarely within the rule of <u>Bell</u>; as such, jurisdiction should have been addressed on the merits under FED. R. CIV. P. 12(b)(6) (for failure to state a claim) or FED. R. CIV. P. 56 (summary judgment). <u>See Williamson</u>, 645 F. 2d at 415-16. The dismissal without prejudice under FED. R. CIV. P. 12(b)(1) is vacated and the case remanded for further consideration consistent with this analysis.

VACATED and REMANDED.